IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS JAMES, | § | |
|    *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| JACKIE LEE O'NEIL and | § | |
| PAINT PROS PLUS OF VIRGINIA, | § | JURY DEMAND |
| INCORPORATED | § | |
|    *Defendants* | § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JESUS JAMES, hereinafter referred to as Plaintiff, complaining of Defendants, Jackie Lee O'Neil and Paint Pros Plus of Virginia, Incorporated and for cause of action would respectfully show as follows:

### A. PARTIES

1. Plaintiff, Jesus James, is an individual and a resident of Carrollton, Dallas County, Texas.

2. Defendant, Jackie Lee O'Neil ("O'Neil") was the operator of the commercial vehicle involved in the collision made the basis of this lawsuit, and acting within the course and scope of his employment with Paint Pros Plus of Virginia, Incorporated. He is believed to be a resident of the State of Virginia and may be served with process at 9545 Logan Heights Circle, Spotsylvania, Virginia 22551-5350 or such other place as he may be found.

3. Defendant, Paint Pros Plus of Virginia, Incorporated ("Paint Pros") is a corporation that is incorporated under the laws of the State of Virginia. Defendant may be served through its registered agent, Patricia A. Taylor, 11406 Stonewall Jackson Drive, Spotsylvania, Virginia 22551-4607.

### B. JURISDICTION

3. This Court has diversity jurisdiction under 28 U.S.C. 1332 because the Plaintiff and Defendants are domiciled in different states. The Plaintiff's claim exceeds jurisdictional minimum for diversity jurisdiction.

## C. VENUE

4. Venue is appropriate pursuant to 28 U.S.C. 1391(a) because Plaintiff resides in Carrollton, Dallas County, Texas and the accident occurred in Dallas County, Texas.

## D. FACTS

5. On or about September 28, 2010, Plaintiff, Jesus James, was driving and operating his 2004 Freightliner truck when a Ford F450 truck, operated by Defendant, O'Neil, and owned by Defendant, Paint Pros, struck Plaintiff's Freightliner truck. As a result of the collision, Plaintiff sustained personal injuries.

6. Plaintiff will show that his injuries and damages were proximately caused by the negligence of Defendants.

## E. COUNT 1

7. At the time of the accident made the basis of this suit, Defendant, O'Neil, was operating the aforementioned truck in a negligent and careless manner. Defendant, O'Neil, breached his duty to exercise ordinary care and operate his vehicle reasonably and prudently.

8. Plaintiff will show that on the date in question, Defendant, O'Neil, was negligent in the following non-exclusive particulars, each of which individually and/or collectively was the proximate cause of Plaintiff's injuries, to wit:

    (a)    In failing to maintain vigilance and keeping a proper lookout;

    (b)    In failing to use reasonable care or caution while driving;

    (c)    In failing to be attentive;

    (d)    In failing to ensure the road was clear prior to changing lanes;

    (e)    In failing to give the proper signal to move left;

    (f)    In failing to maintain an assured clear distance between vehicles;

    (g)    In failing to maintain control of his vehicle; and

    (h)    In operating his vehicle in a reckless manner.

9. Plaintiff will show that at the time of the collision, Defendant, O'Neil, was acting within the course and scope of his employment and/or was acting as an agent of Defendant, Paint Pros. Therefore, Defendant Paint Pros is vicariously liable to Plaintiff under the theory of *Respondeat Superior*.

### F. COUNT 2
### RESPONDEAT SUPERIOR

10. Paint Pros is liable under the theory of *Respondeat Superior*. Plaintiff reserves the right to allege that Paint Pros is independently negligence for failure to properly train its driver.

### G. DAMAGES

11. Defendants' negligence was a proximate cause of the occurrence and of the following injuries and damages suffered by Plaintiff:

    a.    Plaintiff has incurred reasonable and necessary medical expenses in the past, and, in all reasonable medical probability, will incur reasonable and necessary medical expenses in the future;

    b.    Plaintiff has suffered physical pain and suffering in the past, and, in all reasonable probability, will continue to suffer physical pain in the future;

    c.    Plaintiff has suffered mental anguish in the past and, in all reasonable probability, will continue to suffer mental anguish in the future;

    d.    Plaintiff has sustained a loss of wages in the past and/or loss of earning capacity in the past and, in all reasonable probability, will continue to sustain a loss of earning capacity in the future;

    e.    Plaintiff has suffered physical disfigurement in the past and, in all reasonable probability, will continue to suffer physical disfigurement in the future; and,

    f.    Plaintiff has suffered physical impairment in the past and, in all reasonable probability, will continue to suffer physical impairment in the future.

### H. PRAYER

12. WHEREFORE, PREMISES CONSIDERED, Plaintiff asks for judgment against Defendant for the following:

    a.    a sum in excess of the minimum jurisdiction limits of this Honorable Court;

    b.    pre-judgment interest and post-judgment interest at the maximum legal rate;

    c.    costs of court; and

    d.    any and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

GORDON, ELIAS & SEELY, L.L.P.

By: /s/ *Jeff Seely*
Jeff Seely
Federal ID 30081
Todd Elias
Federal ID 21551
1811 Bering Drive, Suite 300
Houston, Texas 77057
(713) 668-9999 Telephone
(713) 668-1980 Facsimile

**ATTORNEYS FOR PLAINTIFF**